HORTON, Judge.
The appellant was charged with breaking and entering with intent to commit a fel-only, to-wit: grand larceny, but was convicted of tire lesser included offense of breaking and entering with intent to commit a misdemeanor. This appeal is from his conviction and sentence.
As grounds for reversal, the appellant contends (1) that the trial court erred in permitting the state, over his objections, to re-open its case to adduce additional evidence of the ownership of the real property where the breaking occurred, and (2) that the evidence was insufficient to support the conviction. Neither of these grounds has merit.
 During the early morning hours of November 18, 1962, a police officer on a routine check surprised the appellant inside premises operated as a laundromat located in the city of North Miami Beach. The appellant ran out the rear door of the laundromat pursued by the police officer who eventually overtook and subdued him. Nothing was taken from the laundromat although the evidence established that there were several washing machines and dryers in the premises.
During the course of the trial, the state produced an officer of the corporation which operated the laundromat. Her testimony in part appears to be conflicting as to whether the corporation of which she was an officer was the owner or a tenant. Nevertheless we conclude that it was sufficiently established that she issued checks in payment of rent on the building and the corporation, as tenant, was in possession at the time of the breaking and entering. The state thereupon rested its case and the appellant moved for a directed verdict. Without ruling on the motion, the court recessed to consider the law on the subject. Upon reconvening, the trial judge announced that the state would be permitted to re-open its case to prove ownership of the premises. The appellant duly and timely objecfed to the court’s ruling. The testimony tendered by the state was cumulative of the overall prior testimony of the officer of the corporation. A written lease was introduced into evidence showing the corporation as tenant of the premises. We conclude there was initially sufficient evidence to establish that the corporation, as tenant, was in possession of the premises at the time of the breaking and entering. The error, if any, of the trial judge in permitting the state to reopen its case was harmless.
We deem it unnecessary to discuss at length the appellant’s second ground for reversal. The testimony established that the appellant was in the premises at an early hour of the morning, the doors were found forced open, and he was apprehended fleeing from the scene.
*721 Concluding as we have that reversible error has not been made to appear, it follows that the judgment of conviction and sentence should be affirmed.
Affirmed.